## Flood, Appellant, *v.* Northeastern Mutual Building and Loan Association.

*Principal and agent — Authority — Failure to prove agency — Building associations—Sales of real estate.*

In an action to recover damages against a building association for breach of contract to reconvey certain real estate, a judgment should be rendered in favor of the defendant, where the transaction was carried on between the plaintiff and an attorney who took the property in question in his own name, and there was not sufficient proof that he was ever the agent of the building association, or that he was authorized in any way to bind the latter.

Argued October 13, 1924. Appeal, No. 82, Oct. T., 1924, by plaintiff, from judgment of C. P. No. 2, Phila. Co., March T., 1918, No. 3107, in favor of defendant non obstante veredicto in the case of John J. Flood, Frank F. Thompson, substituted as administrator of the estate, v. Northeastern Mutual Building and Loan Association.

Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Assumpsit for conversion of real estate.  Before STERN, J.

The facts are stated in the following opinion of the court below:

This case was tried before a jury and resulted in a verdict for the plaintiff in the sum of $880.

At the trial a point was presented by the defendant for binding instructions, which point the court reserved for subsequent consideration.

The material facts are really undisputed.

It appears that the plaintiff John J. Flood, being the owner of four properties, 6315, 6327, 6329 and 6331 Buist Avenue, applied through A. E. Hurshman, Esquire, to the defendant, the Northeastern Mutual Building and Loan Association, for a loan on these properties, subject to a then existing ground rent of $1,500 on each property.  A loan was approved and granted in the sum of $600, and the mortgage was executed and delivered to the defendant association.  This was in November, 1913. The plaintiff never paid any of the interest or dues on the building and loan association stock, in addition to which the loan was apparently a close one, and, as a result, defendant association began to question Mr. Hurshman about the matter, inasmuch as it was he who had bought in the application and also because he was the defendant's solicitor and conveyancer.  Mr. Hurshman took up the matter with the plaintiff's representative, and an agreement was effected by which the plaintiff deeded the four properties to Mr. Hurshman personally, and Mr. Hurshman, on his personal stationery and over his personal signature, wrote a letter to the plaintiff under date of January 17, 1914, in which he stated: "I hereby agree to reconvey the premises #6315-27-29-31 Buist Ave., to you, within one (1) year from date, upon payment of all carrying charges; provided,

however, the same is under my exclusive directions and control, and that I can make reasonable adjustment to stay foreclosure proceedings under the ground rent." The plaintiff at the same time also deeded to Mr. Hurshman a fifth property, No. 6323 Buist Avenue. In May, 1914, the association loaned to Mr. Hurshman $400 on the latter property—Mr. Hurshman as additional security assigning the free shares which he personally held in the association. He collected the rents from the properties, paid the carrying charges, and made repairs thereon; there is no evidence that the income was sufficient to pay the carrying charges; on the contrary the only testimony on this subject was to the effect that the account showed a deficiency. On January 14 or 15, 1915 (two or three days before expiration of one year from the date of Mr. Hurshman's letter to the plaintiff above quoted), Mr. Hurshman conveyed the five properties to one Leonard Hertel, in consideration of certain real estate deeded by the latter to Mr. Hurshman. On this latter real estate Hurshman subsequently obtained a loan and finally sold the property, and out of the proceeds paid to the defendant association the loans which it had made on the Buist Avenue properties, so that the defendant association received all the money due it on its mortgages. There was a profit realized on the combined transactions of about $1,000, which Mr. Hurshman received and still retains, the defendant association not receiving anything except the money due to it on its loans. On February 9, 1915, the plaintiff's agent wrote to Mr. Hurshman personally, stating that he was in a position to pay off the $600 mortgage to the defendant association as soon as Hurshman was ready to reconvey the properties. On May 5, 1916, plaintiff's counsel, purporting to represent the plaintiff's agent, wrote to Mr. Hurshman personally, claiming damages because of Mr. Hurshman's sale of the Buist Avenue properties without authority before the expiration of one year from January 17, 1914. On April 12, 1918, the present suit was

brought to recover from the defendant damages claimed by reason of the sale by Hurshman, the value of the real estate having advanced in the period of three years preceding the suit. The action is based entirely upon the letter from Mr. Hurshman to the plaintiff of January 17, 1914, above quoted, agreeing to reconvey the original four properties within one year from that date.

The court is of the opinion that the motion for judgment n. o. v. should be granted.

In the first place, the agreement to reconvey of January 17, 1914, was conditional upon payment of all carrying charges, and, as above stated, there is no evidence that such carrying charges were paid; on the contrary there is evidence that the expenditures were greater than the income from the properties. However, this may not be important in view of the fact that Mr. Hurshman deeded away the properties two or three days before the expiration of the year.

In the second place, the agreement to reconvey was signed only by Mr. Hurshman personally, and there is no claim or pretence that he was authorized in writing by the defendant association to make this or any other agreement with reference to the properties. The plaintiff is trying to hold the defendant association for the value of the properties at the time of the conveyance by Mr. Hurshman. The statute of frauds provides that no interest in real estate other than an estate at will can arise by an instrument in writing signed by the parties making or creating the same or their agents thereunto lawfully authorized by writing. Therefore, under the statute of frauds, the defendant association cannot be held responsible for the obligation contained in the instrument of January 17, 1914.

In the third place, there is no evidence in the case that Mr. Hurshman had any authority, even oral, to take over the properties from the plaintiff and to agree to reconvey them to the plaintiff. All that appears is that the directors of the defendant association called Mr.

Hurshman's attention to the matter when the dues and interest became in arrears, and inasmuch as he was the person who had made the application for the loan, he seemed to feel that he should concern himself with the duty of seeing to it that the association received payment of its loans. Not only is there no evidence of any express authority for him to do what he did, but he certainly had no such authority by virtue of his position as solicitor and conveyancer for the association. The trial judge believes that he correctly stated the law in his charge to the jury when he said: "Ordinarily a conveyancer as such has no authority except to prepare title papers, to pass upon whether the title is good, to attend settlement at the title company, to see that the association gets the papers, that the money is turned over to the applicant for the loan; and the ordinary function of a solicitor or lawyer is nothing but to advise his client as to matters upon which he is consulted, and to represent that client in litigations. A lawyer or solicitor as such, in the absence of any special authority, has no authority whatever under the law to enter into transactions for his client. He cannot settle claims without his client's consent; he cannot give away property belonging to a client without consent, and cannot accept property without his client's consent; he cannot execute mortgages, and cannot accept mortgages, cannot make deeds of trust, nor accept deeds of trust without his client's consent."

Neither is there any evidence whatever in the case that the defendant association held Mr. Hurshman out as having any greater authority than he in fact had. He never purported nor was represented by the association to be other than the solicitor and conveyancer, and if the plaintiff had any misleading idea on that subject he derived it merely from a false impression as to the authority of such an agent.

Neither is there any evidence in the case of any ratification by the association of the transaction consum-

mated by Hurshman. It appears that Hurshman afterwards told the board of directors that he had taken title to the Buist Avenue properties; there is not a word of evidence, however, that he ever told them that he had done so on their behalf, or of the terms or even of the fact as to the existence of the letter of January 17, 1914. The associations dealt with Mr. Hurshman at arm's length as the owner of the properties; they loaned to him money thereon upon his giving additional collateral of his own, all of which clearly appears from the minutes of the association and is undisputed. It is elementary law that no ratification of agency is inferred in the absence of proof that the alleged principal had full knowledge of all the material facts and circumstances relative to the unauthorized act or transaction; and in the present case there is not only lack of proof of such knowledge, but there is no evidence of ratification at all.

It is further highly significant that the obligation upon which suit is brought in this case is, as above stated, upon Mr. Hurshman's private stationery and over his personal signature, and also that in all of the dealings and correspondence with Mr. Hurshman the plaintiff addressed him in a personal capacity. Indeed in the claim first made by plaintiff's attorney in the letter dated May 5, 1916, counsel wrote to Mr. Hurshman asserting that claim against him personally, and, as above pointed out, no claim was asserted or suit brought against the defendant until two years after the last mentioned letter. The defendant association not only repudiates knowledge of and responsibility for the obligation upon which this suit is brought, but Mr. Hurshman himself confirms all the facts tending to the same conclusion, and assumes and always has assumed exclusive responsibility therefor. Incidentally it may be pointed out that Mr. Hurshman has not been connected with the defendant association in any capacity for a period of several years. Mr. Hurshman derived all the

216 FLOOD, Appel., *v.* NORTHEASTERN MUT. B. & L. A.

Statement of Facts—Opinion of the Court. [84 Pa. Superior Ct.

profits from the transaction, and the defendant never received or claimed any.

In the light of these facts and circumstances, therefore, to hold the defendant association liable for the verdict rendered in this case would seem to the court to be entirely unwarranted and unjust, and accordingly the defendant's motion for judgment n. o. v. is granted, and judgment is entered for the defendant.

*Error assigned* was, among others, in entering judgment for defendant.

*Hugh Roberts,* for appellant.

*John Weaver,* for appellee.

PER CURIAM, December 13, 1924:

A verdict of $880 was rendered in the court below by a jury after a very careful presentation of the disputed facts. In disposing of the motion for a new trial, the trial judge reviewed the disputed facts and legal controversies, sustained the motion for judgment non obstante veredicto and entered a judgment for the defendant.

We are satisfied with his conclusions and affirm the judgment.